**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

In Re: A. H. ROBINS COMPANY,
INCORPORATED,
<u>Debtor.</u>

| | |
|---|---|
| ROSEMARIE N. MENDOZA, <br> <u>Claimant-Appellant,</u> | No. 95-1327 |

v.

DALKON SHIELD CLAIMANTS TRUST,
<u>Trust-Appellee.</u>

In Re: A. H. ROBINS COMPANY,
INCORPORATED,
<u>Debtor.</u>

| | |
|---|---|
| EDNA P. LAGTAPON, LDS-40144, <br> <u>Claimant-Appellant,</u> | No. 95-1334 |

v.

DALKON SHIELD CLAIMANTS TRUST,
<u>Trust-Appellee.</u>

Appeals from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert R. Merhige, Jr., Senior District Judge.
(CA-85-1307-R)

Submitted: June 18, 1996

Decided: July 11, 1996

Before RUSSELL and WIDENER, Circuit Judges, and
CHAPMAN, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Rosemarie N. Mendoza, Edna P. Lagtapon, Appellants Pro Se. Orran
Lee Brown, Sr., Melody Gunter Foster, DALKON SHIELD CLAIM-
ANTS TRUST, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

In these consolidated appeals, Edna Lagtapon and Rosemarie Men-
doza appeal the district court's order denying their respective motions
for reinstatement of their disallowed late Dalkon Shield claims.
Because the district court did not abuse its discretion, we affirm.

Lagtapon and Mendoza live in the Philippines. Because of over-
whelming evidence* that the majority of late claims from the Philip-

_____

*Roughly two-thirds of all late claims received by the Dalkon Shield
Claimants Trust came from the Philippines. Although records revealed
that between 3000 and 5000 Dalkon Shields were distributed in the Phil-
ippines, the Trust received over 43,000 late claims from that country.
Documentation supporting the claims also suggested fraud. For instance,
a number of health care providers informed the Trust that "their" signa-
tures on affidavits offered in support of many of the claims were for-
geries.

2

pines were fraudulent, the Trust disallowed the claims. The district court entered an order setting forth the procedure for seeking reinstatement of a disallowed claim. The court advised claimants that, to seek reinstatement, they had to file with the court: (1) a statement of whether the claimant would attend a hearing on the motions to reinstate; (2) a list of exhibits offered in support of the motions for reinstatement; (3) a copy of each exhibit; and (4) a list of all persons who might testify in support of the motion and a summary of their anticipated testimony. The court advised claimants who did not plan to attend the hearing that any material provided in support of the motion had to be admissible under the Federal Rules of Evidence. The order warned that "affidavits, certificates, and letters are hearsay and generally not admissible."

Mendoza and Lagtapon filed timely motions for reinstatement. Mendoza complied with none of the court's directives; rather, she simply asked for reinstatement. In support of her motion and despite the court's warnings about the inadmissible hearsay nature of affidavits, certificates, and the like, Lagtapon submitted her own affidavit, as well as those of her husband and a family physician, Dr. Eduardo Duran.

Her husband and Dr. Duran stated that Lagtapon was inserted with the device in 1973 and had it removed in 1975. No contemporaneous medical records documenting insertion or removal were submitted. Nor did she explain her failure to provide such records. Dr. Duran neither inserted nor removed the device, and he did not state the basis for his knowledge of the dates of insertion and removal. No affidavit was submitted by the physician who allegedly inserted the Dalkon Shield.

The district court denied the motions to reinstate because: (1) the Appellants did not comply with the procedural requirements of its order; and (2) even if there were such compliance, neither Appellant demonstrated that her claim was more likely genuine than fraudulent. Mendoza and Lagtapon timely appealed.

We affirm the decision of the district court. Neither Mendoza nor Lagtapon complied with the procedures for seeking reinstatement which the district court clearly set out in its order. Mendoza offered

3

nothing in support of her motion for reinstatement; the material Lagtapon submitted was not admissible under the Rules of Evidence. In In re A. H. Robins Co., 862 F.2d 1092 (4th Cir. 1988), we upheld the district court's disallowance of a claim for failure to comply with clearly delineated procedural requirements for filing a claim. Id. at 1096-97. We are of opinion that failure to comply with plainly stated procedures for seeking reinstatement of a disallowed claim, like failure to comply with procedures when filing a claim, was a proper ground for denying reinstatement and permanently disallowing Mendoza's and Lagtapon's claims.

Further, the party moving for reinstatement of a disallowed claim bears the burden of showing by a preponderance of the evidence that it is more likely than not that her claim is genuine. Neither Lagtapon nor Mendoza provided the district court with evidence that would enable her to meet this burden.

We accordingly affirm the district court's denial of the motions for reinstatement. We dispense with oral argument because the materials before us reveal that argument would not significantly aid the decisional process.

AFFIRMED

4